No. 25-60197

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

Frank Merchant; Dorothy D. Merchant
Plaintiffs-Appellants
V.
Billy C. Merchant
Defendant-Appellee

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
Civil Action No. 3:16-cv-00665-HTW-LGI
Honorable Henry T. Wingate, District Judge, presiding

---

ORIGINAL BRIEF FOR DEFENDANT-APPELLEE
Billy C. Merchant

---

Respectfully submitted,

BILLY C. MERCHANT

BY: Paul E. Rogers, MS Bar #5649
    Rogers, Ainsworth & Williams, PLLC
    567 Highway 51, Suite B
    Ridgeland, MS 39157
    Telephone: (601) 969-7777
    Facsimile: (601)352-8658
    Email: paul@rogersawlaw.com

No. 25-60197

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Frank Merchant; Dorothy D. Merchant
Plaintiffs-Appellants
V.
Billy C. Merchant
Defendant-Appellee

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons as described in the fourth sentence of 5th Cir. Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Honorable Court may evaluate possible disqualification or recusal.

1.     Frank Merchant, plaintiff/appellant

2.     Dorothy Merchant, plaintiff/appellant

3.     Billy C. Merchant, defendant/appellee

4.     Roy H. Liddell, trial attorney for plaintiffs/appellants

5.     Michael Anderson, appeal attorney for plaintiffs/appellants

6.     William I. Gault, Jr., trial attorney for defendant/appellee, Billy C. Merchant

7.     Paul E. Rogers, appeal attorney for defendant/appellee, Billy C. Merchant

8.	George Harkins, defendant in original action before the trial court
9.	G. Dewey Hembree, III, trial counsel for George Harkins

Respectfully submitted,

BILLY C. MERCHANT

BY: s/Paul E. Rogers
	Paul E. Rogers, MS Bar#5649
	Rogers, Ainsworth & Williams, PLLC
	567 Highway 51, Suite B
	Ridgeland, MS 39157
	Telephone: (601) 969-7777
	Facsimile: (601)352-8658
	Email: paul@rogersawlaw.com

# STATEMENT REGARDING ORAL ARGUMENT

The record on appeal is extensive and complete and the issues on appeal do not involve any complex legal principles for which oral argument would significantly aid the Court's decisional process.

# **TABLE OF CONTENTS**

PAGE

Certificate of Interested Persons...............................................................................ii-iii

Statement Regarding Oral Argument............................................................................iv

Table of Contents...........................................................................................................v

Table of Authorities................................................................................................vi-vii

Statement of the Issues.................................................................................................1

Statement of the Case................................................................................................2-3

Summary of the Argument.........................................................................................4-7

Argument..................................................................................................................7-22

Conclusion...................................................................................................................23

Certificate of Service...................................................................................................24

Certificate of Compliance............................................................................................25

# TABLE OF AUTHORITIES

Cases:                                                                                                              Page(s)

1.      *Ashley Healthcare Plan v. Dillard (In re Guardianship of O.D.),*
       *177 So.3d 175, 181 (Miss. 2015)*..........................................................13

2.      *Boehms v. Crowell,*
       139 F.3d 452, 462 (5th Cir. 1998)..........................................................7

3.      *Browning v. Kramer,*
       931 F.2d 340 (5th Cir. 1991)..........................................................*11*

4.      *Byrd v. Abney,*
       99 So. 3d 1180 (Miss. App. 2012).......................................................*21*

5.      *Coleman v. Houston Indep. Sch. Dist.,*
       *113 F.3d 528, 533 (5th Cir.1997)*.......................................................*11*

6.      *Eatman v. City of Moss Point,*
       *809 So. 2d 591 (Miss. 2000*)...............................................................15

7.      *Hampton v. Blackmon,*
       *145 So.3d 632 (Miss. 2014)*................................................................*7*

8.      *Instone Travel Tech Marine v. Intern. Shipping,*
       *334 F.3d 423, 433 (5th Cir. 2003*)......................................................*18*

9.      *Johnson v. Georgia Highway Express, Inc.,*
       *488 F. 2d 714 (5th Cir. 1974)*..............................................................*22*

10.     *Stover v. Hattiesburg Pub. Sch. Dist.,*
       *549 F.3d 985, 997-998 (5th Cir 2008)*.................................................*16*

11.     *Wiggs v. Taylor,*
       *329 So.3d 434 (Miss. 2021)*........................................................*8, 17*

Statutes/Rules:

Mississippi Litigation Accountability Act,
 *Miss. Code Ann. §11-55-5*.....................................................2,8-10, 13, 17-20

Fed. R. Civ. P. 11.............................................................................................8

M. R. Civ. P. 11.............................................................................................15

Rule 1.5(a) of the Mississippi Rules of Professional Conduct ...................................22

## STATEMENT OF ISSUES

I.      THE DISTRICT COURT DID NOT ERR IN RULING THAT APPELLANTS WERE LIABLE FOR APPELLEE'S ATTORNEY'S FEES UNDER THE MISSISSIPPI LITIGATION ACCOUNTABILITY ACT.

II.     THE DISTRICT COURT DID NOT ERR IN AWARDING APPELLEE THE FULL AMOUNT OF ATTORNEY FEES HE INCURRED.

## STATEMENT OF THE CASE

Appellants have filed this appeal from the District Court's Order granting Appellee's Motion for Attorney Fees and the subsequent Order setting the amount of attorney fees awarded to Appellee and denying Appellants' Motion for Reconsideration and to Vacate Order Granting Attorney Fees seeking reversal of the District Court decision to award Appellee's attorney fees incurred in the case and also reversal of the amount of attorney fees awarded. ROA.3840.

## COURSE OF PROCEEDINGS AND DISPOSITION BELOW

On December 21, 2021, after the conclusion of the trial of the underlying case but prior to Appellants filing their Notice of Appeal, Appellee filed his Motion for Attorney Fees. ROA.3531. Appellants filed their Notice of Appeal on January 5, 2022. ROA.3607. On August 29, 2022, this Court handed down its ruling on the appeal on the merits of the underlying case which affirmed the District Court's decision denying Appellants' relief based upon a finding that they were barred from seeking relief from the Court based upon the unclean hands doctrine. ROA.3673.

On September 25, 2022, the District Court entered its Order finding that Appellants are liable for Appellee's attorney fees incurred in this case pursuant to the *Mississippi Litigation Accountability Act, Miss. Code Ann. §11-55-5.* ROA.3677-3687. On March 11, 2025, the District Court entered its Order denying Appellants'

Motion for Reconsideration and to Vacate Order Granting Attorney Fees and ordered

Appellants to reimburse Appellee for his attorney fees and expenses incurred in the

underlying action including the appeal in the amount of $165,635.00 plus $6,483.75

in attorney fees incurred in responding to Appellants' Motion for Reconsideration and

to Vacate Order Granting Attorney Fees.  ROA.3840-3847.

STATEMENT OF FACTS

Frank Merchant and Appellee are twin brothers.  Appellee resides in Fairhope,

Alabama.  ROA. 4009. Appellant Dorothy Merchant is Frank Merchant's wife and

has served as Chancery Clerk of Leake County, Mississippi since 1999.  ROA.3536.

Appellants were experiencing financial problems as early as 2004.  ROA.3486.

Appellants have admitted that the original purpose for the transfer of the

subject property to Appellee was to prevent the subject property from being executed

upon by Appellants' creditors.  ROA.3763-3764.  Despite their admission of intent

to defraud creditors, Appellants have continued to assert that they were not precluded

by the unclean hands doctrine from seeking legal/equitable relief from the District

Court related to the subject property.

Further, in their original Complaint, Motion to Remand, Amended Complaint

and throughout the trial of the underlying case, Appellants made multiple false,

inconsistent and frivolous claims and allegations causing unnecessary delay and

3

resulting in Appellee incurring attorney fees and expenses.

<u>SUMMARY OF THE ARGUMENT</u>

In the underlying action, Appellants filed suit against Appellee to recover property that they had previously conveyed to Appellee. Appellants, in their original Complaint filed in state court on July 15, 2016, sought to set aside deeds and to recover the title to the subject property claiming that Appellee had agreed to reconvey the property to Appellants upon request but had refused to convey title back once they made their requests. ROA.35.

Appellants originally claimed the title had been transferred to Appellee by Appellants for safe keeping because Frank Merchant had been had been activated and sent to war in Afghanistan. It was later proven that this was not the reason the property was conveyed to Appellee.

Appellee filed his Notice of Removal in the District Court on August 26, 2016. ROA.28. In his Answer and Affirmative Defenses filed on August 31, 2016, Appellee raised, among other defenses, the affirmative defense of unclean hands. ROA.64.

On September 26, 2016, Appellants filed their Motion by Plaintiff's *(sic)* to Remand Action Back to State Court. ROA.69. In their Motion to remand the case back to state court, Appellants alleged that the property had been sold by Appellee

to George Harkins who was an indispensable party to this action and a resident of Leake County, Mississippi, therefore, diversity of citizenship was defeated. Further, Appellants alleged that the value of the property was not more than $75,000 so the case did not meet the amount in controversy requirement for federal jurisdiction. Both of the allegations were later determined to be untrue by Appellee who was required to defend against the remand and in doing so, to incur attorney fees and expenses.

While continuing to deny having creditors when title to the subject property was conveyed to Appellee in December, 2005, Appellants admitted in their Supplemental Discovery Responses and in their Memorandum in Support of Summary Judgment that their ultimate purpose of conveying the property to Appellee was to avoid attachment by creditors. According to Appellants, their inconsistent claims and factual allegations should not make them liable to Appellee because they believed the allegations to be true at the time they were made.

There is no way that Appellants did not know their true purpose of conveying the property at the time they filed their original state court Complaint. As to their statements about not having creditors at the time the property was conveyed, it is impossible to believe Appellants were not aware of the existence of creditors considering they were sued by the United States of America after the property was

conveyed to Appellee.

However, regardless of whether or not Appellants believed they did not have creditors at the time of conveyance, Appellants never changed their position after after Appellee proved the existence of creditors nor did Appellants make any other attempt to prevent delay of the case caused by Appellee having to disprove each of the claims and factual allegations. In fact, Appellants appealed the District Court's decision finding that they did have creditors and had admitted their purpose of conveying the property was to avoid creditors so they were barred by the doctrine of unclean hands. Throughout the trial of the underlying action, Appellants essentially adopted the position that their claims and allegations were true until Appellee proved otherwise, at Appellee's expense and at the expense of the trial Court which had to consider and rule upon each of their claims.

When their motion to remand was denied and after Appellee had filed his Answer and Affirmative Defenses to the original Complaint, Appellants filed an Amended Complaint where they alleged for the first time that they had discovered a deed that Appellee had executed transferring title back to them. ROA.341.

After admitting in their discovery that they conveyed the property to Appellee to avoid creditors, Appellants should have confessed that their claims were barred by the unclean hands doctrine and dismissed the case but rather than doing so, Appellants pivoted and began arguing that their wrongful purpose for conveying the

property to Appellee did not matter because they did not have creditors at the time of the conveyance which was later proven to be false.

*Hampton v. Blackmon, 145 So.3d 632 (Miss. 2014)* is cited by Appellants to support their position that a claim which survives summary judgment can't later be held to be frivolous. The *Hampton* Court did not make any such ruling but instead, held that a claim cannot be ruled to be frivolous simply because there was no case law on the subject and the two cases cited by the appellant in that case did not *expressly preclude* a premises liability claim from being maintained against an individual who does not own or possess the property.

Appellants had a continuing obligation to reduce their claims as additional information became revealed, but Appellants never made any attempt to reduce their claims but instead added new claims in their Amended Complaint.

<u>STANDARD OF REVIEW</u>

This Court applies an abuse of discretion standard of review to an appeal of a district court's award of attorney's fees. *Boehms v. Crowell, 139 F.3d 452, 462 (5th Cir. 1998).*

**ARGUMENT**

**I.  THE DISTRICT COURT DID NOT ERR IN RULING THAT APPELLANTS WERE LIABLE FOR APPELLEE'S ATTORNEY'S FEES UNDER THE MISSISSIPPI LITIGATION ACCOUNTABILITY ACT.**

Attorney fees were awarded in this case pursuant to the *Mississippi Litigation Accountability Act, Miss. Code Ann. §§11-55-1, et. seq. (Rev. 2012),* hereinafter referred to as the "*MLAA*". The *MLAA* makes an award of attorney fees and expenses mandatory ("the court **shall** award") if the court "finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct..." *Miss. Code Ann. §§11-55-1, et. seq. (Rev. 2012).*

"The LAA, unlike Rule 11(b), commands, rather than permits, an award of attorneys' fees following a finding that a party has brought frivolous claims." *Wiggs v. Taylor, 329 So.3d 434 (Miss. 2021).* Accordingly, the review of the district court's ruling is not a question of whether the district court abused its discretion in awarding attorney fees to Appellee, but whether the district court abused its discretion in finding that Appellants' claims were frivolous and that the Appellants had caused unnecessary delays in the case. "Therefore, after a court finds a claim or claims frivolous, Section 11-55-5(1) leaves but one option: 'award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorney's fees and costs' against the party bringing the frivolous claims." *Id. at 437.*

The *MLAA* provides eleven (11) factors to be applied in determining if attorney fees are appropriate:

(a)    The extent to which any effort was made to determine the validity of any action, claim or defense before it was asserted, and the time remaining within which the claim or defense could be filed;

(b)    The extent of any effort made after the commencement of an action to reduce the number of claims being asserted or to dismiss claims that have been found not to be valid;

(c)    The availability of facts to assist in determining the validity of an action, claim or defense;

(d)    Whether or not the action was prosecuted or defended, in whole or in part, in bad faith or for improper purpose;

(e)    Whether or not issues of fact, determinative of the validity of a party's claim or defense, were reasonably in conflict;

(f)    The extent to which the party prevailed with respect to the amount of and number of claims or defenses in controversy;

(g)    The extent to which any action, claim or defense was asserted by an attorney or party in a good faith attempt to establish a new theory of law in the state, which purpose was made known to the court at the time of filing;

(h)     The amount or conditions of any offer of judgment or settlement in relation to the amount or conditions of the ultimate relief granted by the court;

(i)     The extent to which a reasonable effort was made to determine prior to the time of filing of an action or claim that all parties sued or joined were proper parties owing a legally defined duty to any party or parties asserting the claim or action;

(j)     The extent of any effort made after the commencement of an action to reduce the number of parties in the action; and

(k)     The period of time available to the attorney for the party asserting any defense before such defense was interposed.

*Miss. Code Ann. §11-55-7 (Rev. 2012).*

In its Order granting Appellee's Motion for Attorney Fees, the District Court evaluated the application of the above relevant factors to the facts presented in support of Appellee's request for fees, wherein it found more than adequate support for its decision to grant Appellee's request for attorney fees.

In their Brief, Appellants make the argument that their case against Appellee cannot be found to be frivolous because the District Court denied Appellee's Motion for Summary Judgment. However, as the District Court held in its Order on Appellants' Motion for Reconsideration and to Vacate Order Granting Attorney Fees,

"[s]imply surviving summary judgment does not automatically validate a claim's merit. Courts consider routinely whether claims were brought in bad faith, lacked evidentiary support, or imposed unnecessary litigation costs on the opposing party." ROA.3840.

An objective standard is applied by the Courts when determining whether a claim is frivolous. *Id., citing Browning v. Kramer, 931 F.2d 340 (5th Cir. 1991).* Further, a claim can be later determined to be frivolous despite surviving initial motions if it is later determined that the claim lacked legal or factual support. *Id.*

When considering a motion for summary judgment, the Court views the evidence in a light most favorable to the non-movant. *Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir.1997).* Given the fact that when considering the evidence presented for consideration of a motion for summary judgment, the evidence is viewed in the light most favorable to the ***non-moving party***, it is not surprising that claims which survived summary judgment were later found to be frivolous. ***(emphasis added.)***

Many of the claims and alleged facts presented by the Appellants in the pleadings filed in the underlying case were later proven to have been false and to either have been known to be false or to have been easily determined to be false with reasonable investigation by Appellants before they were presented to the Court. Appellants, through their false allegations and statements, were able to create the

11

appearance of genuine issues of material facts which required Appellee to incur significant fees and costs in order to defend against the claims which included preparation for and participation in a six day trial before the District Court and a prior appeal to this Court.

In their response to Appellee's Motion for Summary Judgment, Appellants denied having creditors and also claimed to be the true titleholders of the property having found the deed signed by Appellee in December, 2005 and notarized in April, 2006. While these assertions may have created an issue of fact to be tried by the District Court, those claims were proven to have been false and more importantly, to have been known to be false by Appellants when the claims were made and based upon the finding that the facts were not true and were known by Appellants to not be true when made, the claims were found to be frivolous and to have been made in bad faith, to lack evidentiary support, and to have caused Appellee to incur unnecessary litigation fees and costs.

In their Brief, Appellants argue that the allegations were believed by them to be true when the claims were filed against Appellee but as pointed out by the District Court, Dot Merchant is the Chancery Clerk of Leake County, Mississippi and as Chancery Clerk has knowledge of the requirements for a valid deed.

After filing their Complaint against Appellee in state court and after the case was removed to federal court by Appellee, Appellants filed to have the case remanded

to the state court arguing that the land was not valued over $75,000. At the time that they filed their Motion to Remand alleging the land was not valued more than $75,000, Appellants knew that the land had been sold by Appellee to George T. Harkins for $96,000. Further, Appellants falsely claimed that George T. Harkins was a resident of Leake County, Mississippi when they well knew that he was not. George T. Harkins is Appellants' cousin and Appellants knew that he was a resident of Maryland.

The Mississippi Supreme Court upheld an award of attorney fees for wrongful removal to federal court finding that the *MLAA* authorizes fees to be awarded against any party who has "'asserted any claim or defense ... that is without substantial justification,' who 'asserted ... any claim or defense ... for delay or harassment,' or 'who unnecessarily expanded the proceedings by other improper conduct.'" . *Ashley Healthcare Plan v. Dillard (In re Guardianship of O.D.), 177 So.3d 175, 181 (Miss. 2015).* This same reasoning should apply when a party is forced to defend against a wrongfully filed motion to remand that asserts false matters, either known to be false by Appellants or could easily have been determined by Appellants to have been false prior to filing for remand.

After remand was denied by the District Court, Appellants moved to file an amended complaint and in their Amended Complaint, alleged the property had a value over $100,000. A portion of Appellee's attorney fees were incurred in

defending against Appellants' Motion to Remand which was filed based upon a patently false claim relating to the value of the property.

In its Order granting Appellee's Motion for Attorney Fees, the District Court found that Appellants had given multiple inconsistent and false reasons for why they transferred the property to Appellee. Appellants initially made the knowingly false claim that Frank Merchant was being sent to war in Afghanistan so they deeded the property to Appellee for safekeeping. Appellants later stated under oath that they transferred the title to the property because Billy convinced them to do so, rather than deeding it to their minor son. Ultimately, Appellants admitted in their supplemental discovery responses and in their trial testimonies that they had in fact conveyed the property to Appellee to avoid it being taken by their creditors, while falsely claiming to have no creditors at the time the title was voluntarily transferred. Appellants' claim that they had no creditors at the time the property was originally transferred to Appellee was later proven to be false as the United States of America on behalf of the USDA sent Appellants a note of acceleration of debt by certified mail which was signed for by Dot Merchant on January 20, 2005 and for which they were sued by the United States on behalf of the Farm Service Agency in November 2007. ROA.1588-1590;

Moreover, adding to their deceit, after admitting the truth as to why they conveyed the property to Appellee, Appellants continued to argue that they were the

true owners of the property by virtue of the "found deed". This deed was neither delivered, accepted nor recorded for over ten (10) years.

On Page 40 of their Brief, Appellants argue that frivolity of a claim must be determined by the information known by the party at the time it is filed. Appellants cite the case of *Eatman v. City of Moss Point, 809 So. 2d 591 (Miss. 2000)* which is a case where attorney fees were awarded under *Mississippi Rules of Civil Procedure 11(b)* which allows attorney fees to be awarded when a party's pleading is found to be frivolous or to have been filed for the purpose of harassment or delay. *Id.* However, Justice Waller's dissent in that case pointed out an important distinction between Rule 11 and the LAA, "while Rule 11 imposes no continuing duty upon an attorney or party to abandon a complaint that is later learned to be frivolous, the Litigation Accountability Act of 1988 does impose such an obligation." "Under the Litigation Accountability Act, a court may, on motion of a party or on its own motion, award attorney fees and costs against a party who "unnecessarily expanded the proceedings." *Id. at 591.*

Appellants claim to have been using evidence that they had at the time but again, a chancery clerk would know that the assessed value for ad valorem taxes is not the actual fair market value of the property. Further, Dot Merchant had communicated with George Harkins and knew that the property had been sold to him for $96,000.00 prior to the case being filed. ROA.3911-3913.

After receiving Appellee's Answer and Defenses raising the doctrine of unclean hands, Appellants knew, or should have known or more accurately, should have realized by that doctrine, that their claims were barred and dismissed the case. Instead, Appellants filed an Amended Complaint adding claims and denied the applicability of the unclean hands doctrine throughout the case including through the first appeal to this Court.

Appellants accuse the District Court in their Brief of engaging in *post hoc* reasoning in its finding that Appellants' claims were frivolous, citing the case of *Stover v. Hattiesburg Pub. Sch. Dist., 549 F.3d 985, 997-998 (5th Cir 2008).* The Court in *Stover* found that Stover had plausible evidence to support her claims but that the jury had ultimately found the evidence was not sufficient to enter a judgment in her favor. The District Court never found any plausible evidence in support of Appellants' claims but instead, found that Appellants raised allegations which if later found to be true would create a genuine issue of fact. However, Appellants' claims were later all found to be false and were based upon facts that Appellants either knew at the time, or with minimal due diligence, would have discovered.

Based upon Appellants' continuing actions throughout this case from the time it was originally filed through and including the first appeal, the District Court did not abuse its discretion in finding that the claims filed Appellants were frivolous and that Appellants violated the *MLAA* and were liable to Appellee for his attorney fees and

costs incurred in this case.

**II.      THE DISTRICT COURT DID NOT ERR IN AWARDING APPELLEE THE FULL AMOUNT OF ATTORNEY FEES HE INCURRED.**

In section 4.3.1 of their Brief, Appellants claim that the District Court did not consider their request for a fee reduction and that the District Court's alleged failure to so consider the request for reduction of the amount of attorney fees awarded was a legal error warranting reversal of the fees awarded. [ROA.3842-3847] On page 6 of the Order under subsection IV., the District Court sets forth its discussion of the amount of fees awarded and its ruling upon Appellants' request for a reduction in attorney fees.

According to Appellants, the District Court could have and should have awarded only a nominal amount of attorney fees to Appellee on the basis that the case was a "close call" and in support of this argument cited several cases from other federal circuits which involved attorney fees awarded under Rule 11, not the *MLAA*. As discussed above, unlike Rule 11, the *MLLA* requires that attorney fees "shall" be awarded upon a finding that the claims are frivolous. *Wiggs v. Taylor, 329 So.3d 434 (Miss. 2021).* Accordingly, the case law cited by Appellants does not apply in this case involving attorney fees awarded pursuant to the *MLAA*. Further, the District Court never found that this case was a close call but instead, found that the facts and claims made by Appellants were later proven to be false, meaning the claims were

17

frivolous from the beginning, and the fact that Appellee was forced to defend against and to prove false the claims made by Appellants herein is the reason for the imposition of sanctions under the *MLAA*. Had Appellants been truthful from the beginning of this case about the existence of creditors at the time the property was transferred to Appellee, the case would have ended much sooner. Appellants cannot claim that they had hope of success when that hope was based upon Appellee not being able to prove their allegations to be false when the well knew to the contrary.

Appellants argue that Appellee should not have been awarded his fees incurred in the first appeal because no request for those fees were made to the District Court or to this Court during the appeal. Appellee's Motion for Attorney Fees was filed prior to Appellants filing their Notice of Appeal and remained undecided by the District Court until this Court ruled upon the appeal. In its Order granting the Motion for Attorney Fees, the District Court directed Appellee to file an itemization and supporting documents for all attorney fees he seeks an award against Appellants and Appellee included his fees incurred in defending the appeal. [ROA.3688] "The issue of appellate attorney's fees is a matter for the district court following the resolution of an appeal." *Instone Travel Tech Marine v. Intern. Shipping, 334 F.3d 423, 433 (5th Cir. 2003)*. Accordingly, Appellants are incorrect that no request for the fees were made to the District Court.

Appellants request this Court to reduce the attorney fees and expenses awarded to Appellee if it denies their request to reverse the order granting attorney fees to Appellee. Appellants claim that the fees should be either set at a nominal amount or reduced to those fees and expenses incurred in responding to their Motion to Remand. Appellants claim that the Motion to Remand was the only filing mentioned by the District Court in its Order awarding attorney fees. However, the improperly filed Motion to Remand was not the only matter that the District Court found warranted attorney fees under the *MLAA*. The District Court also pointed out the false and inconsistent statements made by Appellants throughout the case which resulted in unnecessary delay in the case including that they had no creditors and the three different reasons they gave for why they conveyed the property to Appellee.

Appellants take issue with the District Court's statement that the Appellants provided no explanation for the three different values they put on the property. The fact of the matter is Appellants claim to have used the tax assessor's taxed value of the property claiming that was based upon the information they possessed at the time of the value of the property. While Appellants may not have known the actual appraised value of the property at the time that they filed their Motion for Remand, they did know the purchase price paid by George Harkins was $96,000, well above the controversy amount for the District Court to have jurisdiction. Further, Dot

Merchant knew or should have known that the value assessed by the tax assessor for the purpose of calculating ad valorem taxes is not fair market value.

Appellants claim that the District Court should not have awarded Appellee the full amount of attorney fees he actually incurred in defending against Appellants' frivolous claims. In support thereof, Appellants cite case law relating to attorney fees awarded under Rule 11 which allows attorney fees and costs to be imposed but does not require them to be awarded. However, fees in this case were awarded under the *MLAA* which requires attorney fees to be awarded if a court determines that the claims made by the plaintiff were frivolous and in violation of the *MLAA*.

Upon finding that Appellants had violated the *MLAA* in this case, the District Court does not have discretion under the *MLAA* but must award attorney fees, with the amount thereof remaining discretionary. Appellants' claims relating to both the request for remand and their claim that the unclean hands doctrine did not bar them from seeking the assistance of the court to recover title to the property were made in bad faith as Appellants had knowledge that the factual allegations they were making including as to the value of the property and the existence of creditors were false at the time that the claims were made. The District Court did not abuse its discretion in awarding the full amount of fees requested by Appellee.

Appellants claim that the Order granting attorney fees to Appellee focused its decision on Appellants' actions which precipitated the filing of this case and not upon Appellants' actions during the litigation process. This claim is completely inaccurate and untrue. The District Court identified several actions by Appellant wherein they made frivolous claims and refused to withdraw claims that they knew were based upon allegations that were not true resulting in protracted litigation including a six-day trial on the merits of this case. In its Order the District Court held "[a]fter examining the parties' testimonies and the record before it, this court found that Plaintiffs' contention that they had no creditors was false because they were sued by the United States for unpaid debt on behalf of the Farm Service Agency in November 2007." The District Court went on to hold that having admitted that they divested themselves of title to the property to avoid creditors, Appellants "proceeded with the litigation despite this knowledge" and citing *Byrd v. Abney, 99 So. 3d 1180 (Miss. App. 2012)*, held "where a party's intentional misconduct causes the opposing party to expend time and money needlessly, then attorney's fees and expenses shall be awarded to the wronged party." This was the finding of the District Court in this case and based upon its finding that Appellants had caused Appellee to incur substantial fees and expenses, ordered Appellants to reimburse Appellee for all of those attorney fees and expenses.

The District Court used the lodestar method in calculating the reasonable fees to be awarded to Appellee in this case. The Court examined both *Rule 1.5(a) of the Mississippi Rules of Professional Conduct* and factors adopted by the Fifth Circuit for determining reasonableness of an attorney's fee award which are set forth in *Johnson v. Georgia Highway Express, Inc., 488 F. 2d 714 (5th Cir. 1974)* which both contain similar factors. The Johnson factors are 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Id. at 717-719.*

The District Court found the fees requested by Appellee in this case were reasonable and were supported by proper documentation. The District Court further found that Appellee's attorney fees and expenses were all incurred as a result of the frivolous claims made by Appellants. Appellee prays this Court will affirm the District Court's Order granting attorney's fees and expenses to Appellee in the amount of $172,118.75.

## CONCLUSION

Based on the foregoing facts and applicable Mississippi law, the District Court's Order finding Appellants liable for Appellee's attorney fees and expenses incurred herein should be affirmed and its Order granting Appellee's attorney fees and expenses in the amount of $172,188.75 should be affirmed.

Respectfully Submitted,

**BILLY C. MERCHANT**

**BY:/s/ Paul E. Rogers**
    **PAUL E. ROGERS**

**PAUL E. ROGERS, MSB# 5649**
Rogers, Ainsworth & Williams, PLLC
567 Highway 51, Suite B
Ridgeland, Mississippi 39157
Phone: (601) 969-7777
Facsimile: (601) 352-8658
E-mail: paul@rogersawlaw.com
**ATTORNEY FOR APPELLEE**

# CERTIFICATE OF SERVICE

I, **PAUL E. ROGERS**, do hereby certify that I have this day served via the Court's electronic filing system, a true and correct copy of the above and foregoing Brief of Appellee to all counsel of record.

This the 29th day of August, 2025.

/s/ **Paul E. Rogers**
**PAUL E. ROGERS**

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,701 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word Perfect Office X5 in 14-point Times New Roman font.

/s/Paul E. Rogers
PAUL E. ROGERS